UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

FREDESVINDA SOLIVAN VELASQUEZ,
and others similarly-situated,

       Plaintiff,

vs.

NORTH LAKE RETIREMENT HOME, INC., a Florida Corporation, and GUY BERGERON, individually,

       Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, FREDESVINDA SOLIVAN VELASQUEZ, by and through her undersigned attorneys, and hereby sues Defendants, NORTH LAKE RETIREMENT HOME, INC., a Florida Corporation, and GUY BERGERON, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay and retaliatory damages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant NORTH LAKE, is a Florida corporation which regularly conducted business in Miami-Dade County.

6. NORTH LAKE is and, at all times pertinent to this Complaint, was engaged in interstate commerce. NORTH LAKE's business activities involves those to which the Fair Labor Standards Act applies. During the relevant time period, Defendant regularly employed two or more employees that sold, marketed and/or handled goods and/or materials which travelled and/or were manufactured through interstate commerce. Defendant also used electronic and telephonic transmission lines to accept, obtain or solicit funds from sources outside the State of Florida.

7. Upon information and belief, the annual gross income for the Defendant during the years 2012, 2013, and 2014 was in excess of $500,000.00, annually.

8. Upon information and belief, the annual gross income for the Defendant during the first half of 2015 was in excess of $250,000.00.

9. By reason of the foregoing, NORTH LAKE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

10. By reason of the foregoing, the NORTH LAKE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

11. The individual Defendant, GUY BERGERON, is an "employer," as defined in 29 U.S.C. § 203(d), as she has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as

Plaintiff and opt-in plaintiffs. Defendant BERGERON controlled the purse strings for the corporate Defendant. Defendant BERGERON hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

12. Plaintiff re-alleges and re-avers paragraphs 1 through 11 as fully set forth herein.

13. Plaintiff was employed by the Defendants as a non-exempt janitorial employee. Plaintiff was employed from approximately August 2012 through August 28, 2012. Plaintiff was initially paid a rate of $8.50 and received gradually raises to $9.50 per hour.

14. Plaintiff worked approximate 75 overtime hours for which she was not paid overtime wages. Plaintiff is owed these overtime hours at a halftime rate.

15. The similarly situated individuals are those individuals whom were employed by the Defendants as janitorial employees and whom were not paid overtime wages, in whole or in part.

16. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay her at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

17. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working

more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that she was being paid for her hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages she was due.

18. Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## UNLAWFUL RETALIATION

19. Plaintiff re-alleges and re-avers paragraph 1 through 18 as fully set herein.

20. On or about August 28, 2015, Plaintiff received a paycheck in the amount of 36.5 hours as wages for the week ending in August 20, 2015.

21. On or about August 28, 2015, Plaintiff complained that Defendants, through supervisory personnel Pascal Bergeron, had failed to pay all of her hours including her overtime wages. As a result of Plaintiff's complaint, Defendants issued a second paycheck the same day for an additional 16 hours.

22. On or about August 28, 2015, Defendants unlawfully terminated Plaintiff's employment as a result of Plaintiff's complaint.

23. Plaintiff's complaint is the causal connection for Defendants terminating the Plaintiff. Accordingly, Plaintiff would not have been discharged but for Plaintiff's complaint.

24. The Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning their retaliation against Plaintiff for complaining about not being paid all of her hours.

25. By reason of the foregoing acts of the Employer, Plaintiff has suffered damages, including, lost income, benefits and employer contributions. Plaintiff is entitled to recover liquidated damages (double damages) pursuant to the Statute.

26. Plaintiff is entitled to recover costs and reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants for their violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: September 10, 2015

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
20801 Biscayne Blvd., Suite 403
Aventura, Florida 33180
Tel: (786) 923-5899
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Second Floor
Bay Harbor Islands, FL 33154
Telephone 305-773-6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561